1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA,                    CASE NO.  1:06-CR-00256-AWI-1

12                          Plaintiff,           ORDER DENYING DEFENDANT'S MOTION
                                                 PURSUANT TO TITLE 18 U.S.C. §  3582(c)(2)
13              v.

14  JAVIER ZAMBRANO,

15                          Defendant.

16

17          The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his

18  sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity

19  Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking

20  offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a

21  reduction under U.S.S.G. §  1B1.10.  The Court hereby denies the motion.

22          Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a

23  defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

24  subsequently been lowered by the Sentencing Commission."  *United States v. Dunn*, 728 F.3d 1151,

25  1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782,

26  which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical

27  types.  The Commission also voted to make Amendment 782 retroactively applicable to previously

28  sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 130 S.Ct. 2691 (2010);

In this case, the district court found a base offense level of 30 pursuant to USSG § 2D1.1, due to the 40.5 grams of actual methamphetamine involved in the offense. After acceptance of responsibility, the adjusted offense level was 27, providing for a sentencing range of 120 to 150 months (the defendant was a criminal history category of V). However, because the defendant pleaded guilty to a charge with a maximum sentence of four years, the defendant's sentence range became the 48-month maximum term of imprisonment pursuant to U.S.S.G. § 5G1.1(a). Although the amended guideline now results in an adjusted offense level of 25 and an amended sentencing range of 100 to 125 months, by operation of U.S.S.C. § 5G1.1(a), the defendant's sentencing range is still capped at 48 months, the maximum sentence that can be imposed for his crime. The defendant's sentencing range remains exactly what it was at the time of sentencing.

The Ninth Circuit agrees that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules). Accordingly, the defendant may not receive any relief under Section 1B1.10.

The defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated:   December 22, 2014

_____
SENIOR  DISTRICT  JUDGE

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

2